IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| URBANA VAZQUEZ<br><br>PLAINTIFF<br><br>V.<br><br>PERSHING LLC, SANTANDER SECURITIES CORPORATION OF PUERTO RICO; HSBC CARD SERVICES, INC.; CAPITOL ONE BANK (USA) N.A.; CREDIT ONE BANK N.A.; CHASE BANK USA, N.A. d/b/a WAMU/PVN PAYMENT; FIRST PREMIER BANK; TRIBUTE CARD, INSURANCES COMPANIES A, B AND C AND DEFENDANTS X, Y AND Z.<br><br>DEFENDANTS | CIV. NO. 09-2137<br><br>CONSUMER CREDIT PROTECTION<br>FAIR CREDIT BILLING ACT<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Now come the Plaintiff, through her undersigned attorney and very respectfully alleges, states and prays:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for compensatory damages, statutory damages and penalties, finance charges, declaratory, injunctive and equitable relief, reimbursement of all fees, amounts, interests and costs paid and/or expended by the plaintiff and costs and attorney's fees for the violations of plaintiff's rights under the Consumer Credit Protection Act, 15 U..S. C Sec. 1601 *et seq.,* especially 15 U.S.C. Secs. 1643, 1640, and under the Fair Credit Billing Act, 15 U.S.C. Sec. 1666 *et seq.* and

under Articules 1802, et seq. of the Civil Code of Puerto Rico, 31 LPRA Secs. 5141 *et seq*.

2. This Court has jurisdiction to entertain these claims pursuant to 28 U.S.C. 1331 and 15 U.S.C. Sec 1640. Plaintiff further invokes supplemental jurisdiction of this Court under 28 U.S.C. 1367 to hear Commonwealth Law claim that arose from the same nucleus of operative facts.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391.

## PARTIES

4. Plaintiff is a consumer and natural persons as that term is defined under 15 USC. §1602.

5. Defendants are creditors and card issuers as these terms are defined under 15 US.C. § 1602 and at all times relevant hereto is regularly engaged in the business of extending consumer credit, credits cards for which a finance charge is or may be imposed and are payable in more than four installment by written agreement.

## THE NARRATIVE

6. The allegations contained above are incorporated herein by reference as if again fully set forth.

7. The defendants PERSHINGS LLC (hereinafter referred to as "Pershings") and SANTANDER SECURITIES CORPORATION OF PUERTO RICO (hereinafter referred to as "Santander") maintains, manages and administers an account of the plaintiff (hereinafter referred to as "Vazquez"), since April 6, 2000.

8. The defendants HSBC CARD SERVICES, INC. (hereinafter referred to as "HSBC"); CAPITOL ONE BANK (USA) N.A.; (hereinafter referred to as "Capitol") CREDIT ONE BANK N.A. (hereinafter referred to as "Credit One"); CHASE BANK USA, N.A. d/b/a WAMU/PVN PAYMENT (hereinafter referred to as "WAMU"); FIRST PREMIER BANK (hereinafter referred to

as "Premier"); TRIBUTE CARD (hereinafter referred to as "Tribute") are credit cards companies (card issuers) and/or own credit cards accounts.

9. HSBC, Capitol, Credit One, WAMU, Premier and Tribute issued credit cards and extended credit cards, credit cards accounts and/or credits to third person or persons on the name of Vazquez. These credit cards, credit cards accounts and/or credits were not authorized neither known by Vazquez, and were to be debited from the mentioned account maintained, managed and administered by Pershings and Santander. In fact, Pershings and Santander debited from Vazquez' account the approximated amount of $54,578.67. This amount was paid to HSBC, Capitol, Credit One, WAMU, Premier and Tribute directly by Pershings and Santander.

10. HSBC, Capitol, Credit One, WAMU, Premier and Tribute acted negligently when authorized and issued the credit cards, credit cards accounts and/or credits. HSBC, Capitol, Credit One, WAMU, Premier and Tribute did not exercise their duty of reasonable care and diligence when issued these credit cards, credit cards accounts and/or credits. HSBC, Capitol, Credit One, WAMU, Premier and Tribute did not exercise their duty of reasonable care and diligence to verify the identity of the person and/or persons who applied for those credit cards, credit cards accounts and/or credits, neither used a reasonable procedure to issue, send and verify the identity of applicant.

11. Pershings and Santander acted negligently when authorized the debits from Mrs. Vazquez' account. Pershings and Santander did not exercise their duty of reasonable care and diligence when making and authorizing the debits. Pershings and Santander did not exercise their duty of reasonable care and diligence to verify the validity of those debits, neither the identity of the person and/or persons who applied for those credit cards, credit cards accounts and/or credits. Pershings and

Santander did not use a reasonable procedure to issue, send and verify those debits, as well as the identity of applicant to those debits, credit cards, credit cards accounts and/or credits. These debits have been electronically done without Mrs. Vazquez authorization by credit card companies that Mrs. Vazquez has not authorized to issue credit cards on her name. In sum, defendants, having the duty to verify, have not even verified whether Mrs. Vazquez authorized the mentioned debits.

12. The foregoing acts and omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, negligently and/or in gross or reckless disregard of the rights of the Plaintiff under the Consumer Credit Protection Act, 15 U..S. C Sec. 1601 *et seq.* especially 15 U.S.C. Secs. 1643, 1640, and under the Fair Credit Billing Act, 15 U.S.C. Sec. 1666 *et seq.*

13. The afore-mentioned actions and/or omissions also violate Articules 1802, <u>et. seq.</u>, of the Civil Code of PR, 31 LPRA Secs. 5141 <u>et. seq</u>. Mrs. Vazquez has been emotionally devastated as a result of these illegal, intentional and negligent actions, and has suffered mental anguish and pain and suffering.

14. As a proximate result of these violations, the plaintiff is entitled to compensatory and statutory damages, as well as declaratory, injunctive and equitable relief releasing Plaintiff of any liability whatsoever to Defendants.

15. As a proximate result of these violations, plaintiff is entitled to twice the finance charges and interests, reimbursement of all fees, costs paid and expended, and costs and attorney's fees. The immediate restitution of the *$54,578.67* to her account and the correction of the statements and bills are also requested.

**TRIAL BY JURY**

16. Plaintiff demands that the instant action be tried before a jury.

## RELIEF REQUESTED

17.     Plaintiff requests the following relief against defendant:

a.   Statutory damages.

b.   Declaratory, injunctive and equitable relief releasing Plaintiff of any liability whatsoever to Defendants.

c.   Twice the finance charges, reimbursement of all fees, interests and costs paid and expended, and costs and attorney's fees.

d.   Compensatory damages in the amount of $150,000.00.

e.   The immediate restitution of the $54,578.67, and the correction of the statements and bills.

f.   Such other and further relief as may appear just and reasonable.

## PETITION FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants for relief for the total amount of damages as part of this Complaint, together with prejudgment interest, costs, attorneys' fees and for such other further relief as necessary and appropriate.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of November 2009.

*/s/ Manuel Durán-Rodríguez*
Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICA MIRANDA AVE.

SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com