UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

URBANA VÁZQUEZ,

    Plaintiff,

    v.

PERSHING, LLC, et al.,

    Defendants.

Civil No. 09-2137 (JAF)

**OPINION AND ORDER**

Plaintiff, Urbana Vázquez, brings the present action against Defendants, Pershing, LLC ("Pershing"); Santander Securities Corp. ("Santander"); and various unknown parties, alleging violations of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r; the Fair Credit Billing Act, 15 U.S.C. §§ 1666–1666j; and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 (1990). (Docket No. 1.) Defendants Santander and Pershing ("Movants") move to compel arbitration under Plaintiff's contractual obligations and to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (Docket No. 16.) Plaintiff opposes. (Docket No. 22.) Movants reply in support of the motion to dismiss. (Docket No. 25.)

**I.**

**Factual and Procedural Synopsis**

In April 2000, Plaintiff opened a brokerage account managed by Movants. Account applications by Plaintiff for both Santander and Pershing contained broadly-worded arbitration clauses. (Docket Nos. 16-2; -3.) Plaintiff alleges that, at some point, a third party opened

various credit-card accounts under her name and without her authorization. Movants then authorized debits from Plaintiff's account to be paid out to the various fraudulent accounts that had been created. Plaintiff alleges that Movants failed to verify the credit-card account holder requesting payment in her name, resulting in over $54,000 in unauthorized debits from her account.

## II.

### Standard for Motion to Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs the enforcement of most arbitration agreements by federal courts and embodies a federal policy strongly favoring the enforcement of arbitration agreements. See, e.g., Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551–52 (1st Cir. 2005) (discussing federal policy). In granting a motion to compel arbitration, we must determine that an arbitration agreement exists; that the claims before us fall within the scope of said agreement; and that the movant has not waived its arbitral rights. See Combined Energies v. CCI, Inc., 514 F.3d 168, 171 (1st Cir. 2008). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983); see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 475–76 (1989) ("[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.").

Civil No. 09-2137 (JAF)                                                                                              -3-

If we grant a motion to compel arbitration, we must stay proceedings on all arbitrable claims. See 9 U.S.C. § 3. When we exercise jurisdiction under 28 U.S.C. § 1331, a finding that all federal claims are arbitrable, such that we have only supplemental jurisdiction over the remaining claims, allows us to dismiss the case in its entirety. See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998).

### III.

### Analysis

Plaintiff has not challenged Movants' assertion that the FAA governs the interpretation of this arbitration clause. Plaintiff's sole argument against the enforceability of the arbitration agreements with Movants is that her claims fall outside the scope of those agreements. (Docket No. 22.) Plaintiff has neither challenged the validity of the arbitration clause under Puerto Rico law nor argued that Movants waived their contractual right to arbitration. Thus, we turn to the scope of the arbitration agreements.

The Santander agreement, according to Plaintiff, is for "the purchase and sale of securities" only and does not, "in any way, regulate matters related to debits in said account." (Docket No. 22 at 3.) The arbitration clause, however, is broadly worded: "It is agreed that any controversy between us arising out of your business or this agreement, shall be submitted to arbitration . . . ." (Docket No. 16-2 at 2.) A brokerage account, by nature, requires debiting as securities are bought. Such debits obviously arise out of Santander's business as an investment bank. And any doubt as to whether this agreement covers fraudulent debits by third parties must be resolved in favor of arbitration. See Moses H. Cone Mem'l Hosp., 460 U.S. at 24–25.

Plaintiff concedes that her arbitration agreement with Pershing "clearly deals with debits," but argues that it excludes the fraudulent, unauthorized debits at issue here. (Docket No. 22 at 3.) As with Santander, Pershing's arbitration clause is broadly worded: "It is agreed that any controversy between or among the account holder, Pershing, and introducing financial institution or any of them arising out of Pershing's or the introducing Financial Institution's business or this agreement shall be submitted to arbitration . . . ." (Docket No. 16-3 at 9.) The Supreme Court has repeatedly held that we must enforce arbitration clauses "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 650 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–83 (1960)). Given the broad language of the clause, Plaintiff's contention that this arbitration clause does not cover unauthorized debits to her account by third parties is unavailing.

Jurisdiction in this case is premised on federal claims, which we find arbitrable. Therefore, we may dismiss the case, including supplemental claims, against Movants. See Bercovitch, 133 F.3d at 156 n.21. Over 120 days have passed since the filing of this action, during which time Plaintiff has neither identified nor served unknown defendants. Thus, we may also dismiss claims against unknown defendants if Plaintiff fails to show good cause for her delay. See Fed. R. Civ. P. 4(m).

Civil No. 09-2137 (JAF)                                                                                                          -5-

## IV.

## Conclusion

For the reasons stated herein, we hereby **DISMISS** Plaintiff's claims against Movants without prejudice.  The matter shall be placed in arbitration, the court retaining jurisdiction to enforce any award. In addition, We **ORDER** Plaintiff to show cause, **on or before June 30, 2010**, for the failure to identify and serve unknown defendants.  Otherwise, the case against said unknown defendants will be dismissed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of June, 2010.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge